# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

VENICE PI, LLC,

          Plaintiff,

v.

LETHA HUSEBY,

          Defendant.

C17-1160 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's response, docket no. 50, to the Minute Order entered October 19, 2018, docket no. 49, requiring plaintiff to show cause why the Amended Complaint, docket no. 13, should not be dismissed, either with or without prejudice, in light of <u>Cobbler Nevada, LLC v. Gonzales</u>, 901 F.3d 1142 (9th Cir. 2018). Having reviewed plaintiff's response, the objections thereto and supporting declarations filed on behalf of defendant Letha Huseby, docket nos. 53-55, plaintiff's reply, docket no. 56, and the declaration of plaintiff's counsel, docket no. 57, the Court enters the following order.

**Discussion**

This case is one of twelve actions filed by plaintiff Venice PI, LLC. In this matter, plaintiff sued ten anonymous ("Doe") defendants, each associated with a different

ORDER - 1

Internet Protocol ("IP") address that was allegedly part of a "swarm" purportedly "reproducing, distributing, displaying, or performing" plaintiff's copyrighted motion picture titled "Once Upon a Time in Venice."  Compl. at ¶¶ 5-6 & 17 and Ex. B (docket no. 1).  After settling with Doe 9, see Stipulation (docket no. 14), plaintiff filed an amended pleading identifying eight individuals as Does 1-2, 4-6, 8, and/or 10.  See Am. Compl. at ¶¶ 18-24 (docket no. 13).  Two persons were joined as Doe 8, but Doe 7 was never named.  Id.  Plaintiff later settled with the defendants initially sued as Does 8 and 10, and voluntarily dismissed its claims against the individuals who were originally denominated Does 1-2, 4,[1] and 6 because it was unable to serve them.  See Stipulation (docket no. 17); Notice (docket no. 21); Notice (docket no. 28).  The sole remaining defendant is Letha Huseby (Doe 5).

From the outset, plaintiff's claims against Huseby have been premised solely on an IP address as to which she has been identified as the subscriber.  In Cobbler Nevada, which was issued almost ten months after plaintiff commenced this action, the Ninth Circuit made clear that a copyright infringement claim based merely on a defendant's status as the subscriber of an IP address associated with infringing activity does not cross the threshold of "plausibility" that pleadings in federal court must satisfy.  See 901 F.3d at 1145, 1147 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Malibu Media, LLC v. Doe, 2018 WL

---

[1] Mikhail Ovsipyan (Doe 4) was in fact served, see Proof of Serv. (docket no. 25), and plaintiff's explanation for dismissing its claims against him, i.e., that he could not be identified or located, see Notice (docket no. 28), does not seem accurate.

ORDER - 2

6446404 (N.D. Ill. Dec. 10, 2018) (citing <u>Cobbler Nevada</u> to support the dismissal of a plaintiff's copyright infringement claim).  Plaintiff contends that it has pleaded the "something more" required by <u>Cobbler Nevada</u> to "create a reasonable inference that a subscriber is also an infringer."  <u>See</u> 901 F.3d at 1145.  Plaintiff's allegations, however, involve just the activity associated with the IP address, for example, the persistent use of the IP address for infringing conduct, the bandwidth devoted to infringing conduct via the IP address, and the "mature" nature of the films that the IP address downloaded or uploaded.  <u>See</u> Am. Compl. at ¶ 12 (docket no. 13).

  Contrary to plaintiff's assertions, these "facts" do not indicate that the subscriber of the IP address engaged in and/or was aware of the alleged infringement.  Continual or prolonged use of an IP address is not synonymous with a subscriber's activity or knowledge; the same pattern would exist if a tenant, roommate, child, or hacker engaged in the alleged infringement without the subscriber realizing it, or if the Internet access was not password protected and strangers could connect via the IP address.  The Court interprets <u>Cobbler Nevada</u> as requiring plaintiff to plead "something more" about the subscriber, not about his or her IP address.  Although plaintiff has attempted to do so by alleging that it had investigated the ownership or rental status of the property associated with the IP address "to anticipate possible claims that a wireless signal was high jacked by someone outside of the residence," Am. Compl. at ¶ 14 (docket no. 13), plaintiff failed to recite the results of such investigation, and its own pleading shows that Huseby lives in an apartment complex, <u>see id.</u> at ¶ 21, thereby undermining plaintiff's theory that no one other than Huseby could be responsible for the infringing behavior.  Under <u>Cobbler</u>

*Nevada*, plaintiff's Amended Complaint must be dismissed, but without prejudice and with leave to amend.

In contrast to the Amended Complaint's omission of facts specific to Huseby, Huseby has submitted a declaration indicating that she is 75 years old, has only basic computer skills, has never downloaded plaintiff's motion picture or any other movie, lives in an apartment complex with over 200 units, does not know whether her wireless networking ("WiFi") system was password protected at the time of the infringing activity because her Internet Service Provider ("ISP") set up her modem, and is certain she was asleep at 1:35 a.m. when the alleged "swarm" activity occurred. Huseby Decl. at ¶¶ 2-4, 6, & 8 and Exs. 2-A & 2-B (docket no. 54). Plaintiff contends that the Court may not consider Huseby's declaration, but it relies on the standards applicable to a motion brought under Federal Rule of Civil Procedure 12(b)(6). No Rule 12(b)(6) motion is pending, and the Court treats Huseby's declaration as supplementing the letter she submitted pro se in November 2017, which was treated as a responsive pleading. *See* Answer (docket no. 29).

The Court makes no determination concerning Huseby's credibility or the truth of her representations. Plaintiff will be permitted to file a Second Amended Complaint, but plaintiff and its counsel are on notice that, although the law was unsettled when plaintiff initiated this litigation, *Cobbler Nevada* has since set forth a binding pleading standard, and their continued pursuit of copyright infringement claims against Huseby might constitute the type of bad faith and vexatious conduct that could subject plaintiff and/or its attorney to sanctions under the Court's inherent power and/or 28 U.S.C. § 1927. *See*

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106-09 (9th Cir. 2002).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Amended Complaint is DISMISSED without prejudice and with leave to amend.[2]

(2) If plaintiff does not file a Second Amended Complaint within fourteen (14) days of the date of this Order, this matter will be dismissed for failure to prosecute, and the Clerk shall close the case.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 11th day of April, 2019.

Thomas S. Zilly
United States District Judge

---

[2] The Court DECLINES Huseby's request, docket no. 53, to dismiss this matter with prejudice or to enter judgment in Huseby's favor.